Randall K. Rathbun #09765
Braxton Moral #29195
DEPEW GILLEN RATHBUN & MCINTEER, LC
8301 East 21st Street North, Suite 450
Wichita, KS 67206-2936
Telephone: (316) 262-4000
randy@depewgillen.com
braxton@depewgillen.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| CHELSEA BEAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: |
| WICHITA NORTHEAST HOTEL LLC, | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT**

COMES NOW the Plaintiff, Chelsea Bean, and for her cause of action against the Defendant, states and alleges as follows:

1. Chelsea Bean is a resident of Kansas.

2. Defendant Wichita Northeast Hotel LLC ("Hotel"), is a corporation duly authorized and existing under the laws of the state of Kansas with a principal place of business located at 1950 N. Timberwood, Wichita, KS 67206.

3. This matter arises under both the Pregnancy Discrimination Act and Title VII of the Civil Rights Act of 1964. Accordingly, jurisdiction is invoked under 42 U.S.C. §§ 2000e *et seq*. Ms. Bean began working at the Hotel on June 28, 2021. She worked in a sales capacity finding and facilitating business for the Hotel.

4. On November 25, 2021, Ms. Bean shifted to a different schedule at the Hotel. Two days a week she would drive into Wichita from Protection, Kansas, while the other three days she would work remotely.

5. Employment was going smoothly until Ms. Bean became pregnant. The travel to and from the hotel was arduous. As such, around halfway through her pregnancy, Ms. Bean's OBGYN advised her that travel was no longer advisable. The OBGYN wrote a doctor's note which was provided to the employer. (Exhibit 1).

6. This change necessitated a shift to remote work. Fortunately, Ms. Bean's job could easily be performed from her own home. The Hotel permitted this switch and allowed her to work from home at a pay cut of $11,500. The pay cut was advertised as a temporary means to ensure performance of a satisfactory level.

7. While the pay cut was never rescinded, Ms. Bean's performance was as good, if not better, while remote. The Hotel has various tracking measures to monitor Ms. Bean's performance. One of these measures tracks the current day's performance against last year's performance on the same day. By these metrics, Ms. Bean improved while working remotely.

8. As the pregnancy progressed, maternity leave talks began. Ms. Bean was willing to take a month maternity leave, while still being available to help with the Hotel. After all, there was no issue whatsoever with her working remotely.

9. On October 21, 2022, while Ms. Bean was 34 weeks pregnant, she was illegally terminated from her job in direct violation of the Pregnancy Discrimination Act.

10. Despite the fact that she was excelling in her job per the Hotel's own monitoring systems, Ms. Bean was terminated for "poor performance." This termination occurred shortly before she was to take maternity leave.

11. The Hotel also violated Title VII by engaging in discrimination on the basis of sex in terminating Ms. Bean.

12. There exists no permissible basis for the termination. The Plaintiff has suffered great emotional damage as a result of her illegal treatment.

13. As a result of this termination Ms. Bean has lost backpay, front pay, and damages for emotional distress. Finally, both the Pregnancy Discrimination Act and Title VII provide for punitive damages which are also requested.

WHEREFORE, Plaintiff respectfully requests the Court grant the relief sought in this complaint, award the Plaintiff her actual damages in excess of $75,000; award the Plaintiff punitive damages; award the Plaintiff attorney fees and civil penalties pursuant to Title VII and the Pregnancy Discrimination Act; for Plaintiff's costs herein; and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

/s/Randall K. Rathbun
Randall K. Rathbun #09765
Braxton T. Moral #29195
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
(316) 262-4000
Braxton@depewgillen.com
*Attorneys for Plaintiff*

3

## DESIGNATION OF PLACE OF TRIAL

COMES NOW the Plaintiff and designates Wichita, Kansas as the place of trial for this matter.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

/s/Randall K. Rathbun
Randall K. Rathbun #09765
Braxton T. Moral #29195
*Attorneys for Plaintiff*

## REQUEST FOR JURY TRIAL

COMES NOW the Plaintiff and respectfully requests a trial by jury with regard to the above-captioned action.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

/s/Randall K. Rathbun
Randall K. Rathbun #09765
Braxton T. Moral #29195
*Attorneys for Plaintiff*